UNITED STATES of America,
Appellee,

v.

Carlos MONROY, Defendant–Appellant.

No. 00–1825.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2001.

Bernard H. Udell, Brooklyn, NY, for defendant-appellant.

Eric Chaffin, Assistant United States Attorney for the Eastern District of New York; Alan Vinegrad, United States Attorney, Emily Berger, Assistant United States Attorney, on the brief, Brooklyn, NY, for appellee.

Present POOLER, KATZMANN, Circuit Judges, and HURD, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant-appellant Carlos Monroy appeals from the December 7, 2000, judgment of the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*) sentencing defendant principally to 60 months imprisonment after he pleaded guilty to one count of conspiracy to import MDMA, also known as Ecstacy, into the United States, in violation of 21 U.S.C. § 963. In addition to the term of imprisonment, the district court sentenced Monroy to three years supervised release and $100 special assessment.

U.S. Customs agents arrested Monroy on January 10, 2000, on drug charges based on information they received from a cooperating witness who allegedly assisted Monroy in importing MDMA pills into the United States from Amsterdam. After initially agreeing to cooperate with the government, Monroy later declined to do so.

A federal grand jury indicted Monroy on March 23, 2000, and charged him with conspiracy to import MDMA, conspiracy to possess with intent to distribute MDMA, and cocaine distribution. On April 19, 2000, Monroy pleaded guilty to one count of conspiracy to import MDMA. According to the government, defendant between June 1999 and December 1999 helped to fund five Ecstacy importation ventures by recruiting investors to pay for the drug, purchasing the drug at a lower price through the efforts of a courier, and distributing the drug to his investors at a personal profit. Monroy appeals two aspects of his sentence.

Defendant argues first that the district court erred when it declined to give him the benefit of the so-called "safety valve" provision of the Sentencing Guidelines, U.S.S.G. § 5C1.2, which would have reduced his offense level calculation by two levels. *See* U.S.S.G. § 2D1.1(b)(6). Defendant has the burden of proving that he meets the safety valve criteria, and we review the district court's findings of fact for clear error, giving due deference to its assessment of witness credibility. *United States v. Conde*, 178 F.3d 616, 620 (2d Cir.1999). A defendant's deadline for providing truthful information, which is one of the requirements of Section 5C1.2, is the beginning of the sentencing hearing. *United States v. Schreiber*, 191 F.3d 103, 106–07 (2d Cir.1999). Monroy argues that by the time that his sentencing took place, he was truthful to the government regarding, among other things, the role of his sister and girlfriend in wiring money from New York to his drug courier in Amsterdam. However, as the district court not-

* The Honorable David N. Hurd of the United States District Court for the Northern District of New York, sitting by designation.

ed, Monroy did not provide accurate information about "the manner in which the funds were wired abroad and his role in the offense" until during the sentencing proceedings. The district court did not err in assessing Monroy's initial lack of credibility and in refusing to grant the safety valve adjustment.

Defendant contends second that the district court erred when it added two levels for Monroy's role in the offense as a manager of assets and property of the criminal conspiracy. The commentary to U.S.S.G. § 3B1.1(c) clearly provides that an upward adjustment may be warranted in the case of a defendant who does not manage other criminal participants "but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." U.S.S.G. § 3B1.1, comment. (n. 2). *See also United States v. Cali*, 87 F.3d 571, 580 (1st Cir.1996). The district court's factual assessment of Monroy's role in the offense, in which defendant collected funds from investors, transferred funds to drug purchasers abroad, and controlled the drugs when they arrived in the United States, was not clearly erroneous.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.